UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DOUG RANDLES and KERRI RANDLES,

    Plaintiffs,

v.

PLATYPUS MARINE, INC.,

    Defendant.

CASE NO. C13-5892 BHS

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendant Platypus Marine, Inc.'s ("Platypus") motion for summary judgment (Dkt. 16) and Plaintiffs Doug and Kerri Randles' ("Randles") cross-motion for summary judgment (Dkt. 18). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants Platypus's motion and denies the Randles' motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On October 8, 2013, the Randles filed a complaint against Platypus alleging damage to the Randles' vessel, LA RATA BASTARDA ("LRB"), and asserting causes of

ORDER - 1

action for breach of warranty of workerlike performance, negligence, breach of bailment, and punitive damages. Dkt. 1.

On May 15, 2014, Platypus filed a motion for summary judgment on the Randles' punitive damages cause of action. Dkt. 16. On June 2, 2014, the Randles responded and filed a cross-motion for summary judgment on the same claim. Dkt. 18. On June 6, 2014, Platypus replied to the Randles' response. Dkt. 19. On June 23, 2014, Platypus responded to the Randles' motion. Dkt. 20. On June 27, 2014, the Randles replied. Dkt. 22.

## II. FACTUAL BACKGROUND

In March 2013, the parties entered into an agreement regarding the repair of the LRB. Dkt. 17, Declaration of Bruce Bryant, Exh. A. Platypus hauled out the LRB and placed it on land approximately 300 yards from the water. *Id*., ¶ 3. While repairing the vessel, a Platypus worker started a fire in the vessel that damaged the vessel. This action followed.

## III. DISCUSSION

**A.    Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317,

323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

### B.      Punitive Damages

In this case, Platypus argues that (1) punitive damages are not available for breach of a maritime contract, (2) Washington law applies to the Randles' negligence claim, and (3) punitive damages are not available under Washington tort law. Dkt. 16. With regard to the parties' maritime contract, maritime law does not allow for punitive damages for breach of contract. *Thyssen, Inc. v. S.S. Fortune Star*, 777 F.2d 57 (2nd Cir. 1985). The Randles, however, cite *Thyssen* for the proposition "that punitive damages are available in contract actions when 'the conduct constituting the breach is also a tort for which punitive damages are recoverable.'" Dkt. 18 at 14 (citing *Thyssen*, 777 F.2d at 63, 66). The Randles' selective quotation is misleading and their argument is wholly without merit. A full reading of *Thyssen* and the Restatement (Second) of Contracts § 355 (1979), which the *Thyssen* court relies upon, clearly shows that punitive damages are awarded as a result of proving the accompanying tort for which punitive damages are recoverable. Therefore, the Court grants Platypus's motion and dismisses the Randles' claim for punitive damages due to a breach of contract.

With regard to whether maritime tort law or Washington tort law governs the incident, the Court concludes that location of the vessel is dispositive. "With respect to torts involving vessels, a series of Supreme Court cases confine admiralty jurisdiction to actions for wrongs that occur on navigable waters and bear a sufficient relation to a maritime activity." *David Wright Charter Service of North Carolina, Inc. v. Wright*, 925 F.2d 783, 784 (4th Cir. 1991) (citations omitted). In this case, it is uncontested that the incident happened while the LRB was on land some 300 yards from navigable waters.

Therefore, the Court concludes that the tort occurred outside of admiralty jurisdiction and Washington law governs this cause of action.  The cases the Randles cite to the contrary involve construing the scope of the Longshoremen's and Harbor Workers' Compensation Act and are without merit as to the current dispute involving negligent repair.

With regard to punitive damages under Washington tort law, "Washington does not allow punitive damages unless expressly authorized by the legislature." *Bryant v. Wyeth*, 879 F. Supp. 2d 1214, 1221 (W.D. Wash. 2012) (citing *Barr v. Interbay Citizens Bank of Tampa, Fla.*, 96 Wn.2d 692, 697 (1981) *amended*, 96 Wn.2d 692 (1982).  The Randles have failed to show that the Washington legislature has authorized punitive damages for this cause of action.  Therefore, the Court grants Platypus's motion and dismisses the Randles' claim for punitive damages.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Platypus's motion for summary judgment (Dkt. 16) is **GRANTED** and the Randles' cross-motion for summary judgment is **DENIED** (Dkt. 18) as moot.

Dated this 12th day of August, 2014.

BENJAMIN H. SETTLE
United States District Judge